IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| **TRAE CARDWELL** | ) |
| *Plaintiff*, | ) |
| -vs- | ) Case No. _____ |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY; and WILLIAM THOMAS** | ) JURY DEMAND |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff, Trae Cardwell by counsel, for his claims against the Defendants William Thomas and the Metropolitan Government of Nashville and Davidson County, states the following:

## PARTIES

1. At all times mentioned herein, Plaintiff Trae Cardwell was and is a citizen of Kentucky, residing at 2092 Allegheny Way, Lexington, Kentucky 40513.

2. At the time of the events giving rise to this suit, Defendant Metropolitan Government of Nashville and Davidson County ("Metro") is and was a political subdivision of the State of Tennessee and is and was the political entity that governs Davidson County and Nashville, Tennessee. Metro is the appropriate entity to be named as a Defendant in an action involving the acts, inactions, and omissions of Hunters Lane High School. Metro may be served through its agent for service of process, Jon Cooper, the Director of Law at the Department of Law, Metropolitan Courthouse, Suite 108, Nashville, Tennessee 37201.

3. Upon information and belief, at the time of the events giving rise to this suit, Defendant William Thomas was and is a citizen of Tennessee and is and was employed by Hunters Lane High School, located at 1150 Hunters Lane, Nashville, Tennessee 37207, where he worked as the School's head football coach. William Thomas may be served at 1150 Hunters Lane, Nashville, Tennessee 37207. Hunters Lane High School is a public school operated by Metropolitan Nashville Public Schools, which, itself, is an internal department of subdivision of the Metropolitan Government of Nashville and Davidson County.

## JURISDICTION & VENUE

4. This Court is vested with jurisdiction to hear and try all issues presented in this action pursuant to 28 U.S.C. § 1332, since diversity of citizenship exists between Plaintiff and all Defendants to this action, and the amount in controversy exceeds $75,000.

5. Venue is proper in this judicial district pursuant to when he was, as all of the relevant facts occurred within this federal district.

## BACKGROUND

6. Plaintiff was a high school football referee calling high school football games in Tennessee during the fall of 2022.

7. On or about August 19, 2022, Plaintiff, while acting in his capacity as a high school football referee, served as the head linesman in a football game between Hunters Lane High School and Maplewood High School, which was played at Maplewood High School.

8. On or about August 19, 2022, Defendant William Thomas worked as the head football coach for Hunters Lane High School, and, acting in the scope of his employment, coached the Hunters Lane High School football team during its game against Maplewood High School.

9. During the second quarter of this football game, the Maplewood High School football team punted the ball to the Hunters Lane High School football team, and, consequently, Plaintiff ran down the sideline on the visitor's side of the field to officiate the play.

10. As Plaintiff sprinted down the sideline, he was "clotheslined" by Defendant William Thomas—i.e., Defendant William Thomas extended his arm into Plaintiff's running path, and Plaintiff collided with Defendant William Thomas's arm at neck-level.

11. At the time of the collision, Defendant William Thomas was either standing on the playing field or in the "restricted area," which is a three-foot wide "buffer" zone between the playing field and the area where coaches and back-up players sit or stand during the game.

12. As its name suggests, coaches are not permitted to stand in the "restricted area" during a live play. For instance, Section 8, Article 3 of the National Federation of State High School Associations' ("NFHS") Football Rules Book specifically states: "No player, nonplayer, or coach shall be in the restricted area when the ball is live."

13. Defendant William Thomas's act of negligently standing in the "restricted area" and extending his arm during an active play was not an act involving the exercise of judgment or discretion.

14. As a result of Defendant William Thomas's negligence, Plaintiff was injured and ultimately began to have difficulty breathing, resulting in him spending four days in the University of Kentucky Medical Center's Intensive Care Unit.

## COUNT I
### *Metro's Liability Under the TGTLA*

15. Plaintiff hereby reasserts and incorporates by reference all allegations set forth in the above numbered paragraphs as if fully set forth herein.

16. Metro is a "governmental entity" as defined at TCA 29-20-102(3)(A), and William Thomas is an "employee" of a governmental entity as defined at TCA 29-20-102(2).

17. Pursuant to TCA 29-20-205(1), Metro is not immune from liability on claims proximately caused by a negligent act or omission of an employee within the scope of his employment, subject to certain exceptions which are inapplicable here.

18. Defendant William Thomas, as coach of the Hunters Lane High School football team, had a duty to comply with the rules governing high school football coaches, including but not limited to the rules set forth in the NFHS Rules Book, which specifically prohibits coaches from standing in the "restricted area" during a live play.

19. Defendant William Thomas negligently breached this duty on or about August 19, 2022, when, while serving as head football coach for the Hunters Lane High School football team, he entered the "restricted area" during the course of a football game while play was live.

20. As a result of Defendant William Thomas's negligent entrance into the restricted area, Plaintiff was "clotheslined" by Defendant William Thomas's outstretched arm.

21. As a direct and proximate result of Defendant William Thomas's negligence, Plaintiff sustained injuries to his body and as a result of those injuries has endured in the past and will endure in the future physical pain and mental suffering; has in the past and will in the future incur medical expenses for the treatment of his injuries; has suffered an increased likelihood of, and susceptibility to, injury and disease; has lost and will continue to lose wages; and has been deprived of his enjoyment of life and experienced pain and suffering.

## COUNT II
### *Defendant William Thomas's Negligence*

22. Plaintiff hereby reasserts and incorporates by reference all allegations set forth in the above numbered paragraphs as if fully set forth herein.

23. Defendant William Thomas, as coach of the Hunters Lane High School football team, had a duty to comply with the rules governing high school football coaches, including but not limited to the rules set forth in the NFHS Rules Book, which specifically prohibits coaches from standing in the "restricted area" during a live play.

24. Defendant William Thomas negligently breached this duty on or about August 19, 2022, when, while serving as head football coach for the Hunters Lane High School football team, he entered the "restricted area" during the course of a football game while play was live.

25. As a result of Defendant William Thomas's negligent entrance into the restricted area, Plaintiff was "clotheslined" by Defendant William Thomas's outstretched arm.

26. As a direct and proximate result of Defendant William Thomas's negligence, Plaintiff sustained injuries to his body and as a result of those injuries has endured in the past and will endure in the future physical pain and mental suffering; has in the past and will in the future incur medical expenses for the treatment of his injuries; has suffered an increased likelihood of, and susceptibility to, injury and disease; has lost and will continue to lose wages; and has been deprived of his enjoyment of life and experienced pain and suffering.

WHEREFORE, the Plaintiff, Trae Cardwell, prays for judgment against the Defendants Metropolitan Government of Nashville and Davidson County and William Thomas, as follows:

A. For a joint and several judgment against Defendants for compensatory damages in an amount in excess of the jurisdictional amount of this Court;

B. For their costs herein expended, including attorney's fees;

C. For interest at the maximum rate allowed by law from the date of injury, until the date judgment is entered, and from the date judgment is entered until paid in full;

D. For all other relief to which it appears the Plaintiff is entitled; and

E. Trial by jury.

This May 1, 2023.

        KERRICK BACHERT, PSC
        1025 State Street
        Bowling Green, KY 42101
        (270)782-8160
        tkerrick@kerricklaw.com
        athomason@kerricklaw.com

        */s/R. Alex Thomason*
        Thomas N. Kerrick
        R. Alex Thomason