IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRAE CARDWELL, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:23-cv-00433 |
| | ) |
| v. | ) Judge Eli Richardson |
| | ) Magistrate Judge Alistair Newbern |
| THE METROPOLITAN | ) |
| GOVERNMENT OF NASHVILLE AND | ) JURY DEMAND |
| DAVIDSON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF THE METROPOLITAN GOVERNMENT

The Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") hereby submits its Answer and Affirmative Defenses to the Plaintiff's Complaint.

1. Admitted upon information and belief.

2. It is admitted that Metro is a political subdivision of the State of Tennessee and the appropriate defendant in this action. It is admitted that it can be served through the Director of Law.

3. Admitted.

4. It is admitted that there is diversity of citizenship between Metro and Plaintiff. It is further admitted that Plaintiff has claimed damages exceeding $75,000. It is denied that Plaintiff is entitled to any relief.

5. It is admitted that venue is proper.

6. Admitted upon information and belief.

7. It is admitted that on August 19, 2022, Plaintiff was acting as a high school football referee for the game between Hunters Lane High School and Maplewood High School. It is admitted that the game was played at Maplewood High School.

8. Admitted.

9. Admitted.

10. It is admitted that Plaintiff was proceeding down the sideline when he made contact with Coach Thomas. It is denied that he was "clotheslined." All remaining allegations are denied.

11. Denied.

12. To the extent the assertions in Paragraph 12 are based on the contents of Section 8, Article 3 of the National Federation of State High School Associations' Football Rules Book, that provision speaks for itself. It is denied that the rule book establishes a legal duty. All remaining allegations are denied.

13. Denied.

14. Denied.

15. Metro restates and incorporates its responses to the preceding allegations as if set forth herein.

16. Admitted.

17. It is admitted that Tenn. Code Ann. § 29-20-205(1) removes governmental immunity for an employee's negligence subject to certain enumerated exceptions. It is denied that Metro is liable to Plaintiff and/or that its immunity has been removed.

18. It is denied that that NFHS rules establishes a legal duty. It is admitted that NFHS sets forth rules that govern high school football games. Those rules speak for themselves. To the extent these allegations are inconsistent with NFHS rules, they are denied. It is further denied that Coach Thomas was negligent.

19. Denied.

20. Denied.

21. Denied.

22. The Metropolitan Government restates and incorporates its responses to the preceding allegations as if set forth herein.

23. It is denied that that NFHS rules establishes a legal duty. It is admitted that NFHS sets forth rules that govern high school football games. Those rules speak for themselves. To the extent these allegations are inconsistent with NFHS rules, they are denied. It is further denied that Coach Thomas was negligent.

24. Denied.

25. Denied.

26. Denied.

## Prayer for Relief

It is denied that Plaintiff is entitled to any of the relief he seeks.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied, and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1. The Metropolitan Government is a political subdivision of the State of Tennessee, and, as such, all causes of action brought against it based on negligence must be within the parameters of Tenn. Code Ann. §§ 29-20-101, *et seq*. GTLA. The Metropolitan Government invokes all defenses available to it under the GTLA without specifically stating them herein.

2. The limit of liability for personal injury under the GTLA is $300,000 pursuant to Tenn. Code Ann. § 29-20-403(b)(4).

3. Plaintiff's allegations of liability under the Tennessee Governmental Tort Liability Act are barred. Governmental immunity from suit is not removed because the Metropolitan Government specifically denies that it or its employees acted negligently or were guilty of any act or omission which proximately caused or contributed to Plaintiffs' alleged damages. *See* Tenn. Code Ann. § 29-20-310.

4. Plaintiff, Trae Cardwell bears responsibility for his own injuries.

5. Should it be determined that the Metropolitan Government or its employees were, to some degree, negligent, then the Metropolitan Government's liability to Plaintiff must be reduced by the amount of fault attributable to Plaintiff under the principles of comparative fault and negligence. While Metro denies that Coach Thomas was negligent or was standing in the restricted area, even if he was, every violation of a football rule is not automatically negligence. Through his training and experience as a referee, Plaintiff was aware of the risk that a coach or other individual could be in the "restricted area." Accordingly, Plaintiff's recovery against Metro, if any, should be apportioned accordingly for not exercising due care for his own safety, not keeping a proper lookout, and not seeing what was there to be seen.

6. The Metropolitan Government denies that Plaintiff is entitled to any relief as it relates to the Metropolitan Government and asserts that any claim against Metro should be dismissed for failure to state a claim upon which relief can be granted.

7. The Metropolitan Government reserves the right to amend this Answer to assert any additional affirmative defense if determined applicable after having an opportunity to conduct discovery of Plaintiff's claims.

**PRAYER OF RELIEF**

WHEREFORE, having answered the Complaint, the Metropolitan Government prays:

1. That this be accepted as the answer herein;

2. That this cause against the Metropolitan Government be dismissed and held for naught;

3. That all costs and other reasonable fees be charged to and borne by Plaintiff;

5. For such other relief as the Court deems appropriate or to which it is entitled.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/Melissa S. Roberge*
Melissa S. Roberge (#26230)
SENIOR COUNSEL
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the court's electronic filing system on all parties registered, and to any non-registered parties by U.S. Mail, specifically:

Thomas N. Kerrick (KY #38265)
R. Alex Thomason (#36227)
Kerrick Bachert, PSC
1025 State Street
Bowling Green, KY 42101
Tel: 270-782-8160
tkerrick@kerricklaw.com
athomason@kerricklaw.com
*Attorneys for Plaintiff*

on this the 12th day of June 2023.

/s/Melissa Roberge
Melissa Roberge